## GINO ORIGLIA v. CALVIN TROWBRIDGE ET AL.
### (15689)

O'Connell, Lavery and Hennessy, Js.

Argued March 4—officially released April 15, 1997

*Calvin D. Trowbridge*, pro se, the appellant-appellee (named defendant).

---

*Edward S. Domnarski, Jr.*, for the appellee-appellant (plaintiff).

PER CURIAM. This case arose from a small claims matter in which the plaintiff, Gino Origlia, sought to recover a $1000 deposit that he had given to the defendants'[1] real estate broker. The case was transferred to the regular docket of the Superior Court, and the defendant counterclaimed for damages resulting from the plaintiff's repudiation of the real estate agreement.

An attorney trial referee found that the plaintiff materially breached the purchase and sale agreement for the purchase of the defendants' real property. The attorney referee found that the defendants were entitled to the $1000 deposit as liquidated damages on their counterclaim. The attorney referee believed, however, that the defendants had already been paid that amount from the deposit given to the realtor and, on the basis of that belief, recommended that the trial court render judgment for the plaintiff on the counterclaim. The trial court accepted the attorney referee's recommendation and rendered judgment for the plaintiff on the counterclaim. Nevertheless, the $1000 is being held in escrow by the real estate broker who was involved in the transaction.

After considering the oral arguments and reviewing the record and files of this case, we agree with all of the attorney referee's recommendations on which the trial court rendered judgment except the decision concerning the counterclaim. Because it is an uncontroverted fact that the $1000 deposit continues to be held in escrow by the real estate broker pursuant to § 20-328-7a of the Regulations of Connecticut State Agencies,[2] the defendant is entitled to that sum.

---

[1] The defendants are Calvin Trowbridge and Lee Trowbridge.

[2] Regs., Conn. State Agencies § 20-328-7a (b) provides: Any real estate broker who, in the course of the real estate broker's real estate business and in connection with any transaction, accepts from any principal, client

The judgment for the plaintiff on the counterclaim is reversed and the case is remanded with direction to render judgment for the defendant on the counterclaim in the amount of the $1000 deposit.

or other person any moneys, to which the real estate broker is not personally and legally entitled, including but not limited to any down payment, earnest money, deposit, rental money or other money to be held by the real estate broker in trust, shall deposit such moneys in an escrow or trust account in a bank doing business in the State of Connecticut unless otherwise required by law."